## R. Heger Malt & Brewing Co., Appellee, v. George J. Cooke Co., Appellant.

### Gen. No. 17,083.

SALES—*damages for non-delivery.* In an action to recover the price of malt delivered under a contract, where the buyer refused to accept future shipments under the contract because the quality was not as represented, he cannot claim a verdict for plaintiff was against the manifest weight of the evidence because but a small part of a set-off was allowed, where such set-off was based mainly on the excess of the market price over the contract price on the undelivered malt some time after defendant refused to accept it and where it further appeared that the period during which deliveries could have been made would not expire, for several more months.

Appeal from the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed July 23, 1912.

HARRY A. DAUGHERTY, for appellant; ROBERT J. FOLONIE, of counsel.

THOMAS W. REILLY, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

On February 23, 1909, the appellee agreed to sell and the appellant agreed to purchase 10,000 bushels of malt at sixty-eight cents per bushel, delivery to be made prior to September 1, 1909. A carload, consisting of about 2,188 bushels, was shipped on February 26, 1909, and received by the appellant about the first of March. Appellant found fault with the malt, claiming that it was not equal to the sample which had been furnished it prior to the making of the contract; that it took two or three hours longer to brew than it should, and that it did not yield within 8 or 10 per cent. of standard malt. A second car was

shipped about March 15, 1909, and the appellant after taking from the car 220 bushels, declined to accept the rest, and it was subsequently sold by the appellee to other parties. The contract provided that payment should be made thirty days after the receipt of each carload shipment. There was considerable correspondence between the parties as to settlement, on May 17th appellee writing appellant requesting a remittance of $1,637.40, being the value of the malt theretofore delivered at the contract price. To this letter the appellant responded on May 20, 1909, with an inquiry as to what appellee proposed to do as to delivering the balance of the order. On June 24th following the appellant sent appellee a check for $248, claiming as an off-set $1,388.60, which amount was made up of alleged loss of wages in brewing $23.52, loss of yield $226.28, and for the excess of purchase price on 7,592 bushels of malt at fifteen cents, being $1,138.80. The appellee declined to accept the check and brought suit for the full amount of its claim. There was a trial before the court and a jury, and a verdict rendered by the jury in the sum of $900.29, upon which judgment was entered.

We are asked to reverse the judgment on the ground that it is against the manifest weight of the evidence. The contention of the appellant is that the record shows indisputably that the malt furnished was not of the same character of the sample and would not produce more extract than ordinary malt or standard malt, which it is claimed was one of the conditions of the purchase. We have carefully read the evidence in the case and are unable to agree in this contention. If the recovery had been for the full amount claimed by the appellee, we do not think that under the proof as appears in the record it would have been so erroneous as to require a reversal of the judgment. However, the appellee made no motion for a new trial and has not assigned cross errors.

In March, 1909, when it would appear from the record the price of malt had not advanced, the appellant, upon its refusal to accept what was tendered by the appellee, could have purchased the same in the open market without loss. Later, however, the price appears to have advanced, and then the appellant, while refusing to pay for what had already been delivered, insisted that the appellee deliver the balance called for by the contract. In our opinion it was not then incumbent upon the appellee to comply with this demand. The appellant instead of attempting to make a settlement in March held the matter open until June, and then claimed that the market price of such malt as was called for by the contract having advanced, the appellee was indebted to it for such alleged difference between the contract price and the market price in addition to the other alleged damages heretofore referred to. It is to be noted that the contract did not call for a full delivery by the appellee until September 1st. It is possible that between June and September the market price dropped. It is our opinion, therefore, that the claim of set-off and recoupment was not based upon the proper measure of damages, even on the theory of the appellant.

We think no injustice has been done the appellant by the judgment rendered, and the same will therefore be affirmed.

*Affirmed.*